UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ABUBALCARR GALBALBEH,

                              Plaintiff,                    **FIRST AMENDED**
                                                           **COMPLAINT**

          -against-                                        Jury Demand
                                                           22 CV 224 (LGS)

THE CITY OF NEW YORK,
JUSTIN RODRIGUEZ,
JOHN DOES 1-3,

                              Defendants.
-------------------------------------------------------------------x

      Plaintiff ABUBALCARR GALBALBEH by and through his attorneys,

Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil

rights, as secured by statutes and the Constitution of the State of New York and the

United States.

## JURISDICTION

2.     This court has original jurisdiction over the federal claims.   Plaintiff

invokes the Court's supplemental jurisdiction for state law claims under Section 1367.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.      Plaintiff has filed a notice of claim within ninety days of the incident and commenced this lawsuit within one year and ninety days of the incident and has therefore complied with condition precedent to bringing state law claims.

## PARTIES

7.      Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx and City and State of New York.

8.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendants Justin Rodriguez and John Does 1-3 and were assigned to the 46th precinct of the NYPD.  The individual defendants acted under the color of state law and are sued in their individual, supervisory and official capacities.

3

**FACTS**

10.     Plaintiff lives with his grandmother, wife and daughter in the Bronx.

11.     On June 7th, 2020, at approximately 11 p.m., plaintiff left his home to obtain medicine for his 5 year old daughter because she had a fever.

12.     Plaintiff intended to go to a deli that was open to obtain the medicine.

13.     While plaintiff was on his way, he was accosted by NYPD officers Rodriguez and John Does 1-3 on Jerome and Burnside Avenue.

14.     Without any provocation, the defendants started assaulting plaintiff and eventually arrested him.

15.     Defendants ignored plaintiff's pleas that his daughter was sick and he was simply obtaining medicine for her.

16.     Not only did defendants ignore plaintiff's pleas, but they proceeded to assault plaintiff by kicking, stomping, punching and striking him.

17.     Plaintiff was then dragged into a paddy-wagon and brought to the 46th precinct.

18.     However, when they arrived at the 46th precinct, plaintiff was not booked there.

19.     Instead, plaintiff was dragged to another precinct in the Bronx where he was booked.

20.     After nearly 10 hours in custody, plaintiff was released at 9 a.m.

21.     Plaintiff was charged with two violations by Rodriguez.  The defendant officers took away plaintiff's iPhone and used it for their own personal and unauthorized use.

22.     The charges against plaintiff were dismissed after protracted court appearances because plaintiff had not violated any law or ordinance.

23.     Plaintiff, due to the events from the incident, lost his employment.

24.     Plaintiff to this day continues to suffer from the injuries inflicted upon him by the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive/Unreasonable Force)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26.     There was no reason for the excessive or the type of force used on plaintiff.   Plaintiff suffered various injuries including swollen legs, arms and face. Plaintiff was alone and not resisting or fighting back when the 4 or so NYPD members assaulted him with their boots, hands, batons, flashlights and asps.

27.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive and unreasonable use of force was violated and he sustained serious and permanent injuries to his body.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Seizure/False Arrest under the 4th Amendment)

28.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29.     There was no probable cause or any reason for the initial seizure of plaintiff.

30.     Defendants unlawfully seized plaintiff on the streets and refused to let him leave.  Plaintiff was aware of this seizure, did not consent to the seizure and the seizure itself was not otherwise privileged because plaintiff did not act unlawfully.

31.     As a result of the aforementioned conduct of Defendants, Plaintiff's right to be free from unlawful seizure was violated.

32.     Yet, defendants arrested him and held him for processing and booking for over 10 hours.

33.     As a result of the aforementioned conduct of Defendants, Plaintiff's right to be free from false arrest was violated and he sustained physical, economic and emotional injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial and Malicious Prosecution)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35.     Defendant Rodruguez fabricated evidence such like police paperwork and other official police and court documents to allege that plaintiff had engaged in criminal activities.

36.     Defendant had no legal or factual basis for the outrageous allegations against plaintiff.

37.     As a result of defendants' conduct, plaintiff's liberty was restrained. Plaintiff was forced to leave his family to attend court on 3-4 occasions.  Plaintiff lost his livelihood because of the charges against him.

38.    Plaintiff suffered a deprivation of liberty and property interests and substantive and procedural rights guaranteed under the due process clause of the 14th amendment.

39.    Defendants' actions denied plaintiff the right to a fair trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene)

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.    Defendants, who are law enforcement officers, observed the infliction of unnecessary and unreasonable force upon plaintiff.  These defendants had an affirmative duty to intervene to protect violation of constitutional rights and injuries to plaintiff's body as detailed in the foregoing paragraphs of the complaint by other NYPD defendants (law enforcement officers) in their presence.

42.    Defendants knew or observed that excessive force was being used on plaintiff by one of their fellow NYPD officers and had an opportunity to intervene during the assault on plaintiff and failure to get plaintiff urgent medical treatment to prevent further pain and harm but failed to do so.  As a result, plaintiff suffered constitutional injuries as described in the foregoing paragraphs on the complaint.

## STATE LAW CLAIMS

## AS AND FOR A FIFTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

43.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44.    The aforementioned conduct was extreme and outrageous, and exceeded

all reasonable bounds of decency.

45.     The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City.

46.     The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

47.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

48.     As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of NYS and NYC Human and Civil Rights Law)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.      Defendants conduct herein denied Plaintiff the equal protection of the law, discriminated against them and caused them injuries.

51.     As a result, Plaintiff' rights under NYS and NYC were violated.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of New York)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     Upon information and belief, Defendant City failed to use reasonable care

in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

54.     As a result, Plaintiff suffered injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A NINETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused Plaintiff' injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.


Dated: May 20, 2022
       New York, New York 10075


                                        Vik Pawar, Esq.
                                        20 Vesey Street, Suite 1410
                                        New York, New York 10007
                                        (212) 571-0805

                                        By:/s
                                            Vik Pawar (VP9101)
                                            Robert Blossner (RB0526)