

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **LORNA G. SCHOFIELD**<br>**UNITED STATES DISTRICT JUDGE** |

Application **DENIED**.  "A motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  Defendants' motion does not meet this threshold.  The case will not participate in the 1983 Plan.  The parties shall appear for an initial pre-trial conference on July 6, 2022.  (*See* Dkt. No. 12.)

Dated:  May 31, 2022
          New York, New York

**BY ECF and E-Mail**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  <u>Abubalcarr Galbalbeh, et al. v. City of New York, et al.</u>, 22 Civ. 0224 (LGS) (RWL)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and counsel for defendant City of New York ("City") in the above-referenced matter.  Defendant City writes to respectfully request that the Court reconsider its May 25, 2022 Order, removing this case from the Southern District's Section 1983 Plan in light of the fact that defendant was not provided an opportunity to be heard on the issue before the Order was issued. ECF No. 10.

   The Court marked this case for inclusion in the Plan on January 12, 2022. On or about May 20, 2022, plaintiff contacted the undersigned and indicated that he wanted this case taken out of the plan because the "Plan delays resolution among other things," and asked for the City's position. The undersigned responded that the City would not consent to having this case removed from the Plan since the very purpose of the Plan is reaching an expeditious resolution and indicated that the City believed attending mediation would be fruitful to that end. Plaintiff subsequently filed his motion to remove this case from the Plan on May 24, 2022, yet he failed to advise the Court of the City's opposition. ECF No. 9.

   Plaintiff's arguments in support of his motion appear to be: (1) that the case is not moving quickly enough; (2) he has not received the desired amount of discovery; and (3) the City has only identified one of the four John Doe officers named in the Complaint and cannot be trusted to exercise its due diligence to identify the three remaining John Doe defendants without formal discovery requests. These arguments are disingenuous and unavailing.

First, regarding plaintiff's contention that this case is not progressing quickly enough, any delay is squarely due to plaintiff's own dilatory conduct. As an initial matter, plaintiff did not disclose the name of the medical provider that he purportedly received medical treatment from until after his Initial Disclosures were provided to the City, despite the Plan requiring that fully executed medical releases be provided to the City upon the filing of the Complaint. Additionally, in April when the undersigned asked Mr. Pawar to select mutually agreeable dates for the Plan's required mediation, Mr. Pawar refused to engage in such discussions. Indeed, had Mr. Pawar participated in the mediation process as plaintiff should have, this matter may have already been resolved.

Second, plaintiff also complains that, to date, the City has only identified one of the John Doe defendants, even though he named four John Doe defendants in the Complaint. It is worth mentioning, however, that plaintiff received two criminal court summonses from the officer identified by the City. Thus, plaintiff is in possession of the identity of the officer that allegedly violated his constitutional rights. Further, notably, the identification of all four purported John Does is wholly unnecessary for the parties to engage in a meaningful mediation. In any event, this alleged incident was discrete and, upon information and belief, there are minimal documents pertaining thereto. Thus, it is unclear what discovery plaintiff thinks exists that has not been provided to him, but, in any event, he has made no attempt to confer with the undersigned to identify said discovery and serving discovery requests on the City will not make discovery that does not otherwise exist, appear. Moreover, that three John Doe defendants still allegedly have to be identified is not a compelling reason to remove this matter from the Plan.

To date, the City has provided initial discovery and intends to supplement its response pursuant to the Plan, if/when additional information becomes available. At this early juncture, before defendant has had an opportunity to obtain the additional documents, receive a demand from plaintiff, and evaluate the case, there is simply no reason to remove this matter from the Plan prior to engaging in mediation. This case should continue in accordance with the Plan as plaintiff has not offered a cogent explanation as to why this case should be exempted from those mandates. Accordingly, defendant respectfully requests the Court reconsider its May 25, 2022 Order, removing this case from the Southern District's Section 1983 Plan.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Andrea Osgood*

Andrea Osgood
Assistant Corporation Counsel

cc: **VIA ECF**
Vikrant Pawar, Esq.