# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.com

September 3, 2022

**By September 9, 2022**, Defendants shall file any response. So Ordered.

Dated: September 6, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge

Re:     *Galbalbeh v. The City of New York, et al.,* 22 CV 224 (LGS)

Dear Judge Schofield:

    I represent the plaintiff in this civil rights action and write seeking permission to move to compel under Rule 37.

    By way of background, at plaintiff's request, Your Honor removed this case from the "1983 Plan." Plaintiff had reasoned with the Court that the case would move quicker than it would under the deadlines in the "Plan."

    On May 17, 2022, the City produced its initial disclosures and the plaintiff did the same on June 1, 2022 and served a settlement demand. On July 2, 2022, plaintiff served defendant City with his First Set of Discovery Requests. After defendants requested and the plaintiff acquiesced, the City finally served its' responses nearly 60 days later. The responses are attached as Exhibit 1.

    Importantly, the City's responses provide **zero** additional information from the NYPD since their initial disclosures back in May. It was evident that despite having 60 days to respond, the City failed to submit a meaningful response.[1] On August 31, 2022, I had a meet and confer with the supervising attorney because the attorney assigned to the case is out of office until September 12, 2022.

---

[1] Plaintiff claims that he was assaulted by at least four officers but the City has identified only one.

1

      The meet and confer with the supervising attorney did not produce any resolution. She either refused to answer the most basic of questions as seen in Exhibit 1 or refused to identify other NYPD individuals present at the scene.  She also maintained the nonsensical position that the terms "arrest", "information" were vague as seen in Exhibit 1.  She stated the City would supplement but refused to commit to a date.  More shockingly, she observed that the case would have already been resolved had the case stayed in the "1983 Plan." This is truly unfortunate and not only smacks of retaliation, it suggests that if this case had remained in the "1983 Plan" the requested names and documents would somehow magically appear.  It simply shows that the City does not want to take its discovery obligations seriously and simply wants to punish plaintiff because his counsel sought to expedite prosecution of his case.

      To recap, City has not given a single NYPD document or information since May 2022, refused to provide adequate responses to plaintiff's discovery request, and is retaliating against plaintiff for removing the case from the "Plan."  The deadline for joinder of additional parties is on September 6 and discovery closes in 60 days.  It remains unclear why the City assumes that it deserves a higher playing field than civil rights plaintiffs when it comes to the City's obligations under the FRCP.

      I respectfully request that the Court give the City until September 12 to supplement their responses, and absent that allow plaintiff to file a motion under Rule 37.

      Thank you.

      Respectfully,

/s
Vik Pawar (VP9101)

Cc: Defense counsel

2