

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ANDREA OSGOOD**
*Assistant Corporation Counsel*
phone: (212) 356-2424
fax: (212) 356-3509
aosgood@law.nyc.gov

October 27, 2022

**BY ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: <u>Abubalcarr Galbalbeh v. City of New York, et al.</u>, 22 Civ. 224 (LGS)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York ("City") assigned to the defense of the above-referenced matter. Defendant writes to advise the Court that the case in which the undersigned was scheduled to begin trial on October 26, 2022, was dismissed. Accordingly, to the extent that the Court wishes to advance the November 9, 2022 discovery conference in this matter sooner, defendant is available. In any event, in advance of the upcoming conference, defendant wishes to address plaintiff's letter, dated October 20, 2022 which is really nothing more than Mr. Pawar's unfounded gripes concerning discovery.

**<u>Defendant City is Not Obligated to Supplement Its Rule 26 Disclosure</u>**

   Plaintiff's contention that defendant has a "mandatory obligation" to supplement its Rule 26 disclosures to include information contained in Officer Rodriguez's affidavit, is patently wrong. Pursuant to Rule 26, a party is obligated to identify individuals, documents and/or information that such party "may use to support its claims or defenses." Thus, unless and until defendant determines that it intends to rely on any of the information contained in Officer Rodriguez's declaration, defendant has no obligation to supplement its Rule 26 disclosures. Nevertheless, plaintiff is in possession of the documents and/or information referenced in Officer Rodriguez's declaration so it is unclear what his actual objection is and/or how he would be prejudiced to the extent that defendant City chooses not to supplement its initial disclosures.

**<u>Plaintiff's Purported Deposition Notice Pursuant to Fed. R. Civ. P. 30(b)(6) is Deficient</u>**

Regarding the purported deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), as Mr. Pawar was advised on October 6, 2022 and October 12, 2022, the notice is deficient.[1] First, the notice specifically identifies six witnesses—the commanding officers and desk sergeants of the 45th and 50th precincts, the officer in charge of the team that Officer Rodriguez was part of at the time of plaintiff's arrest, and Justin Rodriguez—in contravention of the dictate that the organization noticed is responsible for designating the appropriate deponent to testify on its behalf. Second, Rule 30(b)(6) requires that a notice describe the anticipated testimony with particularity – the notice at issue fails to do so. Regardless of the glaring deficiencies in the notice, with the exception of Officer Rodriguez,[2] plaintiff has provided no good faith basis for deposing the commanding officers and/or desk sergeants from the 45th and 50th Precincts[3] nor does the record indicate that they possess any relevant information regarding whether plaintiff was falsely arrested and/or subjected to excessive force. Plaintiff is clearly attempting to conduct fact discovery of these irrelevant non-party witnesses under the guise of a Rule 30(b)(6) notice. To the extent that plaintiff wanted to conduct fact depositions, he should have served these individuals with non-party subpoenas pursuant to Fed. R. Civ. P. 45. That he has chosen not to do so is not the City's fault.

**Plaintiff, Not Defendant, Has Impeded Discovery**

Plaintiff's accusation that defendant is impeding discovery is baseless. If anything, it is plaintiff who has been impeding discovery. It should be noted that, to date, plaintiff has yet to provide written responses to defendant's document requests that were served on July 13, 2022. In any event, in an effort to move discovery forward, on October 3, 2022, the undersigned contacted Mr. Pawar to schedule plaintiff's deposition for a date in October; thereafter, on October 6, the City served upon plaintiff a notice of deposition setting his deposition for October 20, 2022. Mr. Pawar initially refused to produce his client, citing the baseless reason that paper discovery had not been completed. Counsel subsequently indicated that he was unavailable on the noticed date and further refused to provide alternate dates in October for plaintiff's deposition and instead provided dates in November—the afternoons of November 2nd and 3rd or all day on November 9th and 10th—which, notably, includes dates after the discovery deadline that plaintiff allegedly does not wish to extend. Finally, despite plaintiff's claim on August 31, 2022 that he would revise certain of his discovery requests, to date he has not done so.

**Plaintiff is Not Entitled to Sanctions, or to the New Discovery Raised**

It is curious that plaintiff, who still has outstanding discovery responses, would seek sanctions against defendant here. Specifically, plaintiff requests that the Court deem the City's objections to plaintiff's discovery requests waived and "direct them to respond to plaintiff's discovery requests." Plaintiff, however, wholly fails to indicate which requests defendant has not responded to, nor has he identified any type of willful conduct by defendant that is sanctionable. Regarding plaintiff's discovery requests, Mr. Pawar has been repeatedly informed of the limited nature of responsive documents here, given that plaintiff did not undergo formal arrest processing,

---

[1] When Mr. Pawar was advised that the notice was deficient, his solution was that defendant move for a protective order. However, as the notice was clearly deficient, defendant submits it had no obligation to do so.
[2] Although Justin Rodriguez is a named defendant in this matter, upon information and belief, he has not yet been served with a summons and complaint, despite being named as a defendant in May.
[3] In fact, the 45th Precinct is not mentioned in the complaint at all.

but was instead issued two summonses and released from the 50th Precinct. As the Court is aware, Officer Rodriguez, who was designated as the arresting officer for plaintiff, submitted a declaration on October 14, 2022 indicating that the only documents he recalls completing with regard to plaintiff are the summonses themselves and memobook entries—all of which were provided to plaintiff, as well as the certificates of disposition received from the criminal court. It is still unclear to the City—and Mr. Pawar has not articulated—which documents exist that defendant has not provided.[4]

To the extent that plaintiff's complaints are targeted to the identification of the alleged John Doe officers, defendant has not identified any such individuals. As per Officer Rodriguez's declaration, he is not in possession of information identifying any such individuals. Additionally, the undersigned's investigation of this matter pursuant to Rule 11 has also not resulted in the identification of any purported John Doe defendants.  As defendant has been diligently undertaking its discovery obligations, any imposition of sanctions would be unjustified.[5]

Lastly, plaintiff's request that Court order Officer Parris-Mitchell and the commanding officers and desk sergeants from the 46th and 50th precincts to submit affidavits should be summarily denied. Plaintiff has not made a formal discovery request for this newly sought-after discovery; neither have the parties met and conferred regarding this new discovery request. Accordingly, the request should be denied as plaintiff should not be allowed to use the Court as a tool to obtain discovery that should be requested via the ordinary discovery mechanisms.

Plaintiff's most recent letter to the Court is nothing more than gamesmanship in light of the fact that it is plaintiff who has refused to move this case forward in any meaningful way and there is no evidence indicating that defendant is not complying with its discovery obligations.  Thank you for your consideration herein.

Respectfully submitted,

/s/ *Andrea Osgood*
Andrea Osgood
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)

---

[4] During the parties' conferral on August 31, 2022, Mr. Pawar mentioned command logs and roll calls.  As to the command logs for the 46th and 50th Precincts, there are no entries pertaining to plaintiff.  As to the roll calls, defendant maintains that such documents are not relevant as the production of the lists of more than one hundred officers that were assigned to work at the time of the alleged underlying incident is disproportionate to the needs of this matter and will not resolve the disputed issues here.

[5] Plaintiff further alleges that defendant produced "few pages which contains names of individuals but states nothing about the role they played with respect to the incident." Although plaintiff does not specify which document he is referring to, defendant can only assume that plaintiff is referring to Officer Rodriguez's memobook. Plaintiff, however, provides no explanation as to why he believes that defendant has some unilateral obligation to provide a narrative of the actions taken by each individual listed at the time of plaintiff's apprehension. Regardless, the City has conferred with the individuals noted in Officer Rodriguez's memobook, as well as Police Officer Parris-Mitchell, and has no reason to believe that any of these individuals were personally involved in plaintiff's apprehension or alleged use of force and/or that they have relevant information pertaining thereto.