| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ANDREA OSGOOD**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2424<br>fax: (212) 356-3509<br>aosgood@law.nyc.gov |

November 16, 2022

**BY ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re: <u>Abubalcarr Galbalbeh v. City of New York, et al.</u>, 22 Civ. 224 (LGS)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York ("City") assigned to the defense of the above-referenced matter. In accordance with the Court's November 3, 2022 Order (ECF No. 41), defendant writes in response to plaintiff's letter, dated November 9, 2022, wherein he requests that the Court order defendant to sign a stipulation of facts proposed by plaintiff "to advance discovery." Plaintiff's request, which is yet another example of plaintiff's refusal to conduct discovery via the ordinary discovery mechanisms, should be denied in its entirety.

        First, plaintiff provides no case law supporting his contention that the Court may, or should, order defendant City to stipulate to the "facts" proposed by plaintiff. Plaintiff's failure to cite to such a case is particularly curious in light of Mr. Pawar's representation to the Court that he has received such relief in a similar situation before. Regardless of the fact that plaintiff has cited no precedent for the extraordinary relief requested, the Court should deny plaintiff's request because the majority of the purported facts are inaccurate. For example, "[n]o one from the NYPD or the City has any independent recollection of plaintiff's arrest or detention," and "[n]o one has been identified as the member of the team or the leader of said team who were patrolling the area when plaintiff was arrested and allegedly assaulted." Moreover, it is unclear why plaintiff believes such a stipulation of facts is proper at this juncture since, at the very least, discovery is not yet complete.[1] Importantly, no depositions have been conducted in this matter.

---

[1] In his November 9, 2022 letter, plaintiff incorrectly states that the City conceded that paper discovery was complete. No such concession was made. Rather, at the conference, at the Court's request, the City outlined the steps it has taken to identify relevant documents and/or the identities of the John Doe defendants.

Plaintiff seemingly suggests that the lack of depositions is due to defendant's refusal to supplement its Rule 26 disclosures and/or that the undersigned "stated at the conference" that plaintiff had no good faith basis to depose the six witnesses identified in plaintiff's purported Fed. R. Civ. P. 30(b)(6) deposition notice. This argument is baseless and is yet another misrepresentation by plaintiff.[2]

Second, plaintiff's contention that the Court should strike defendant's affirmative defenses, is equally flimsy. Plaintiff's request is, in fact, a request for sanctions pursuant to Fed. R. Civ. P. 37. Plaintiff, however, has not identified a single discovery demand that defendant has failed to respond to, documents that are being improperly withheld by defendant, and/or any action by defendant demonstrating a lack of cooperation in the discovery process generally. In fact, despite the Court's instruction at the discovery conference on November 2, 2022, plaintiff has yet to specifically identify the discovery he believes is missing and/or is being withheld. To the extent that plaintiff contends that the fact that defendant has not identified the purported John Doe defendants warrants the requested sanctions, he is wrong. It is not defendant's unilateral responsibility to identify John Doe defendants for plaintiff. Defendant has an obligation to provide discovery – as was done here – that might aid plaintiff in the identification of alleged John Doe defendants, but the City cannot be punished for plaintiff's ultimate inability to identify the officers he alleges violated his constitutional rights. See Bishop v. City of New York, 13-cv-9203 (AJN), 2016 U.S. Dist. LEXIS 112233 at *6-7 (S.D.N.Y. Aug. 18, 2016).

Plaintiff's instant application is nothing more than a transparent attempt to dodge his discovery obligations and/or shift such burden onto defendant. Plaintiff's request that the Court order defendants to stipulate to inaccurate facts that plaintiff believes will advance his claims and to strike defendant's affirmative defenses is simply plaintiff's most recent attempt to avoid conducting meaningful discovery, including the depositions of the individually named defendant officer who issued plaintiff the summonses and/or any of the five non-party individuals he believes has relevant information[3] – actions that might, in fact, "advance discovery," as he claims he wants to do. Furthermore, plaintiff has also refused to appear for his own deposition, baselessly indicating that he will not do so until he is satisfied that paper discovery is complete. Defendant urges the Court not to reward plaintiff for his lack of diligence by granting his most recent requests.

Finally, regarding the outstanding discovery, on November 3, 2022, defendant served plaintiff with supplemental discovery requests. Plaintiff's responses are due on December 5, 2022. After receipt of said responses, defendant intends to depose plaintiff.

---

[2] Any statements defendant made regarding its Rule 26 disclosures and the depositions of the five non-party witnesses and Justin Rodriguez were made in defendant's October 27, 2022 letter – not at the conference. As noted in defendant's letter, a Fed. R. Civ. P. 30(b)(6) deposition is not the correct mechanism for conducting depositions of fact witnesses; to the extent that plaintiff believes he has a good faith basis to depose the specifically identified individuals, he is free to subpoena them.

[3] Notably, plaintiff has not served Justin Rodriguez – the single individually named defendant, who at the very least was involved in plaintiff's arrest – with a summons and complaint, despite naming him as a defendant six months ago. This six-month delay is inexplicable.

Based on the foregoing, defendant respectfully requests that the Court deny plaintiff's unjustified requests that the Court order defendant City to stipulate to the "facts" proposed by plaintiff and/or strike its affirmative defenses. Thank you for your consideration herein.

Respectfully submitted,

/s/ *Andrea Osgood*

Andrea Osgood
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)