```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :
  ABUBALCARR GALBALBEH,                       :
                              Plaintiff,      :       22 Civ. 224 (LGS)
                                              :
              -against-                       :       ORDER
                                              :
  CITY OF NEW YORK, et al.,                   :
                              Defendants.     :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Case Management Plan, issued June 30, 2022, set a deadline for fact discovery of November 3, 2022.

WHEREAS, on September 3, 2022, Plaintiff filed a letter motion to compel discovery. Plaintiff's letter alleged that Defendant the City of New York failed to meaningfully participate in discovery, focusing on Defendant's failure to identify the John Doe Defendants, officers of the New York City Police Department who allegedly assaulted and arrested Plaintiff. Following further letters from the parties regarding the dispute, a conference was held on November 2, 2022, regarding Plaintiff's motion. An order issued on November 3, 2022, directed the parties to file letters proposing next steps, including any further discovery or motions Plaintiff seeks.

WHEREAS, in a letter filed November 9, 2022, Plaintiff requested various forms of relief, including the entry of a stipulation of facts regarding discovery, leave to amend the Complaint to add additional claims, and leave to move to strike Defendant City of New York's affirmative defenses and summary judgment. Defendant filed a letter on November 16, 2022, opposing the relief.

WHEREAS, the parties disagree on whether paper discovery is complete. No depositions have been taken.

WHEREAS, "a tort victim who cannot identify the tortfeasor cannot bring suit." *Valentin*

*v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).  Courts in this District dismiss claims against law enforcement personnel when, even after discovery, they cannot be identified.  *See Billips v. NYC DOCS*, No. 18 Civ. 1719, 2019 WL 2023698, at *1 (S.D.N.Y. May 8, 2019) (dismissing claim where Plaintiff provided "vague details" about the John Doe defendant, such that the "City was unable to identify the correction officer and apprise him that he is a defendant in this action[.]"); *Bishop v. City of New York*, No. 13 Civ. 9203, 2016 WL 4484245, at *3 (S.D.N.Y. Aug. 18, 2016) ("Following *Valentin*, if a [pro se] plaintiff is unable to identify defendants after being afforded the opportunity for limited discovery with assistance from the Court, his claims must be dismissed."); *Watkins v. Doe*, No. 04 Civ. 138, 2006 WL 648022, at *3 (S.D.N.Y. March 14, 2016) ("[D]espite having the full opportunity to conduct discovery, plaintiff has not yet identified and served [John Doe Defendants] within 120 days of filing the complaint, . . . . Therefore, the claims against the two John Doe defendants are dismissed without prejudice."); *Willis v. City of New York*, No. 12 Civ. 5259, 2015 WL 556884, at *9 (S.D.N.Y. Feb. 9, 2015) ("Discovery is now complete and Plaintiff has had ample opportunity to seek the information required to identify any additional Defendants and effectuate service. Because he has failed to do so, Defendants 'John Does # 1–10' must be dismissed.").

WHEREAS, "[s]trong public policy favors resolving disputes on the merits."  *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *accord Hernandez v. Miller*, No. 22 Civ. 6964, 2022 WL 4387315, at *1 (S.D.N.Y. Sept. 22, 2022).  It is hereby

**ORDERED** that by **December 9, 2022**, Plaintiff shall file a letter proposing any further discovery he would like to identify the John Doe Defendants, particularly in light of the cited case law.  If Plaintiff wishes to subpoena Defendant Justin Rodriguez, non-party Officer Shynell Parris-Mitchell or any commanding officers or desk sergeants, he shall state as much in the letter.

He shall further explain how the requested form of discovery may aid in identifying the John Doe Defendants and if he has not, to date, sought this form of discovery against the relevant individual, explain his failure to do so.

Dated: December 1, 2022
      New York, New York

                                              LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE